# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>EDWARD ANTOINE SHROPSHIRE,<br><br>Defendant. | Case No. CR10-3021<br><br>ORDER FOR PRETRIAL DETENTION |

On the 16th day of February, 2011, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Patrick J. Reinert. The Defendant appeared personally and was represented by his attorney, Jill M. Johnston.

## RELEVANT FACTS

On June 17, 2010, Defendant Edward Antoine Shropshire was charged by Indictment (docket number 1) with possession with the intent to distribute marijuana (Count 1) and possession of a firearm in furtherance of a drug trafficking crime (Count 2). Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on April 11, 2011.

Mason City Police Officer Toby Schissel, assigned to the North Central Iowa Narcotics Task Force, testified regarding the circumstances underlying the instant charges. On May 26, 2010, law enforcement executed a search warrant on Defendant's residence, an apartment in Mason City, Iowa. Police officers found 2 pounds of marijuana, two firearms, and a box of baggies in a secret compartment under the sink in Defendant's bathroom. Officer Schissel noted that the box of baggies contained Defendant's

1

fingerprints, and the baggies were consistent with drug packaging material. Defendant never returned to his apartment after the search warrant was executed.

According to the pretrial services report, Defendant is 26 years old. He was born in Chicago, Illinois. He lived in Chicago until 2007, when he moved to Mason City, Iowa. He lived in Mason City until May 2010, when he moved to Lafayette, Georgia. He currently resides in Lafayette with his father and stepmother.

Defendant is single. He has never been married, but has five children with five different women. Three of his children are approximately 1 year old, and live with their mothers in Mason City. His other two children are both approximately 4 years old, and reside with their mothers in Chicago.

Prior to his arrest, Defendant worked for his father's catering business in Georgia. Defendant is in good physical health. He has no past or present mental health or emotional concerns. Defendant reported that prior to August 2010, he was a daily user of marijuana for about six years. In 2009, Defendant was advised to undergo substance abuse treatment, but he declined to follow that recommendation.

In 2005, Defendant was charged with battery in Cook County, Illinois. The charge was stricken from the docket with leave to reinstate. In 2006, Defendant was charged with drug offenses on two separate occasions in Cook County. Neither charge was prosecuted. In 2007, Defendant was charged with another drug offense in Cook County, which was also not prosecuted. In 2008, Defendant was again charged with a drug offense in Cook County. The charge was stricken from the docket with leave to reinstate.

On July 10, 2009, Defendant was charged with possession of a controlled substance in Cerro Gordo County, Iowa. On November 16, 2009, Defendant failed to appear for his plea hearing. An arrest warrant was issued, and served on December 17, 2009. Defendant was sentenced to 2 days in jail.

On July 24, 2009, while on release on bond in the Cerro Gordo County case, Defendant was charged with domestic abuse assault in Floyd County, Iowa. The charge remains pending, and trial is scheduled for April 26, 2011. On the same date, also while

on bond release, Defendant was charged with a controlled substance violation, failure to affix a tax stamp, and second degree burglary. On November 30, 2009, Defendant failed to appear for his arraignment, and an arrest warrant was issued. The warrant was served on December 28, 2009. On August 23, 2010, Defendant failed to appear for the pretrial conference. An arrest warrant was issued. The warrant remains outstanding.

On December 16, 2009, while on bond release on the Cerro Gordo County case, Defendant was charged and later convicted of disorderly conduct (fighting or violent behavior).

The instant charges occurred while Defendant was on release in both the July 2009 domestic abuse assault case and the July 2009 drug case.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to

"offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with possession with the intent to distribute marijuana and possession of a firearm in furtherance of a drug trafficking crime, which are offenses found in § 3142(f)(1). Also, the Government alleges a serious risk of flight.

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger

to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in this case, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e) regarding Count 2 of the Indictment. If the Court finds there is probable cause to believe that the person committed an offense in violation of 18 U.S.C. § 924(e) – as alleged in Count 2 – then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offense identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987). In a "presumption case," the defendant bears a limited burden of production-- not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Turning to the facts in the instant action, Defendant is charged with possession with the intent to distribute marijuana and possession of a firearm in furtherance of a drug trafficking crime. The weight of the evidence against Defendant is fairly strong. On May 26, 2010, law enforcement executed a search warrant on Defendant's residence. Law enforcement found 2 pounds of marijuana, two firearms, and a box of plastic baggies in a secret compartment underneath Defendant's bathroom sink. At about the same time as the search warrant was executed, Defendant moved from Iowa to Georgia. An arrest warrant was issued in this case on June 4, 2010. Furthermore, an arrest warrant from Defendant's July 2009 drug case in state court remains outstanding. Additionally,

5

Defendant failed to appear for court proceedings on three separate occasions. Defendant also has a history of committing drug and violent offenses while on pretrial release. The Court has no confidence that Defendant would comply with any condition or combination of conditions if he were released. Based on the serious nature and circumstances of the offenses, Defendant's history of failing to appear at court proceedings, Defendant's history of committing offenses while on pretrial release, and the rebuttable presumption, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (February 14, 2011) to the filing of this Ruling (February 16, 2011) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 16th day of February, 2011.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA